**Slip Op. 04-154**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: GREGORY W. CARMAN**

| | |
|---|---|
| COSCO HOME AND OFFICE PRODUCTS,<br><br>and<br><br>FEILI FURNITURE DEVELOPMENT LIMITED, FEILI GROUP (FUJIAN) CO., LTD., NEW-TEC INTEGRATION (XIAMEN) CO., LTD.,<br><br>     **Plaintiffs,**<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>     **Defendant,**<br>and<br><br>MECO CORPORATION,<br><br>     **Defendant-Intervenor.** | **Consolidated Court No. 03-00928** |

[Plaintiffs' Motions for Judgment upon the Agency Record are denied. Plaintiffs' Motion to Supplement the Administrative Record is denied. Plaintiffs' Amended Consent Motion for Oral Argument is denied. This Court holds the Department of Commerce's *Certain Folding Metal Tables and Chairs from the People's Republic of China: Notice of Partial Rescission of First Antidumping Duty Administrative Review* is supported by substantial evidence on the record or otherwise in accordance with law. This case is dismissed.]

 *Collier Shannon Scott, P.L.L.C.* (*Laurence J. Lasoff*, *Mary T. Staley, Gina N. Dennis*), Washington, D.C., for Plaintiff, Cosco Home and Office Products.

 *White & Case LLP* (*William J. Clinton*, *Adams C. Lee*, *Jonathan Seiger*), Washington, D.C., for Plaintiffs, Feili Furniture Development Limited, Feili Group (Fujian) Co., Ltd., and New Tec Integration (Xiamen) Co., Ltd.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jeanne M. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Michael D. Panzera,* Of Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Paul Kovac*, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jonathan J. Engler*, Of Counsel, Senior Attorney, Office of Chief Counsel for Import Administration, United States Department of Commerce, for Defendant.

*Akin Gump Strauss Hauer & Feld* (*Warren E. Connelly, Anne K. Cusick*), Washington, D.C., for Defendant-Intervenor, Meco Corporation.

Dated: December 7, 2004

**OPINION**

**CARMAN, Judge:** In this consolidated action, Plaintiffs challenge the United States Department of Commerce's ("Commerce") decision to rescind its administrative review as to Feili Furniture Development Limited, Feili Group (Fujian) Co., Ltd., and New-Tec Integration (Xiamen) Co., Ltd. (collectively "Feili and New-Tec") in *Certain Folding Metal Tables and Chairs from the People's Republic of China: Notice of Partial Rescission of First Antidumping Duty Administrative Review*, 68 Fed. Reg. 66,397 (Nov. 26, 2003) ("*Partial Rescission of Review*"). The issue before this Court is whether Plaintiffs Feili and New-Tec timely filed their request for review. Plaintiffs filed Motions for Judgment on the Agency Record, a Motion to Supplement the Administrative Record ("Feili/New-Tec Suppl. Mot."), and an Amended Consent Motion for Oral Argument. This Court denies Plaintiffs' motions and holds that Commerce's *Partial Rescission of Review* is supported by substantial evidence on the record or otherwise in accordance with law.

**STANDARD OF REVIEW**

In analyzing a challenge to Commerce's final determination in an antidumping duty administrative review, the court will uphold Commerce's determination unless it is unsupported by substantial evidence on the record or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i) (2000). Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted). Moreover, "the court may not substitute its judgment for that of the [agency] when the choice is 'between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it *de novo*.'" *Am. Spring Wire Corp. v. United States*, 8 CIT 20, 22, 590 F. Supp. 1273, 1276 (1984) (*quoting Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-88 (1951)).

This Court will defer to the agency interpretation of a statute it administers so long as it is reasonable. *Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) (*quoting Koyo Seiko Co. Ltd. v. United States*, 36 F.3d 1565, 1573 (Fed. Cir. 1994)). Furthermore, "[s]tatutory interpretations articulated by Commerce during its antidumping proceedings are entitled to judicial deference under *Chevron*." *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1382 (Fed. Cir. 2001) (*citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)).

**BACKGROUND**

On June 27, 2002, Commerce issued *Antidumping Duty Order: Folding Metal Tables and*

*Chairs from the People's Republic of China*, 67 Fed. Reg. 43,277 (June 27, 2002). On June 2, 2003, Commerce published *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review*, 68 Fed. Reg. 32,727 (June 2, 2003) ("*Notice of Opportunity*"). In response to that notice, Defendant-Intervenor Meco Corporation ("Defendant-Intervenor" or "Meco") in this case, filed a timely request for review. (Letter from Meco to Commerce of 6/30/03.) Defendant-Intervenor's petition included Plaintiffs Feili and New-Tec. (*Id.*) On July 29, 2003, Commerce published *Initiation of Antidumping and Countervailing Duty Administrative Reviews, Requests for Revocation in Part and Deferral of Administrative Reviews*, 68 Fed. Reg. 44,524 (July 29, 2003) ("*Notice of Initiation*").

On October 21, 2003, when Defendant-Intervenor contacted Feili and New-Tec regarding their review request, Feili and New-Tec apparently realized that "a copy of [their] official stamped request for review was not in [Commerce's] Central Records Unit" in compliance with 19 C.F.R. § 351.103(b). (Letter from White & Case to Commerce of 10/31/03, at 2.) On October 27, 2003, Defendant-Intervenor timely requested that Commerce partially rescind the review for products manufactured or exported by Feili and New-Tec. (Letter from Akin Gump Strauss Haeur & Feld to Commerce of 10/27/03.) On October 30, 2003, after receiving Defendant-Intervenor's request for partial rescission, Commerce sent a letter to Feili and New-Tec asking that they produce a copy of an official stamped request for review. (Letter from Commerce to White & Case of 10/30/03.) In response to Commerce's letter, Feili and New-Tec admitted that they had "not yet found a copy of the official stamped request for review" and had "not yet found evidence that the request had been appropriately served on all interested parties." (Letter from White & Case to Commerce of 10/31/03, at 2.)

On November 3, 2003, Cosco Home and Office Products ("Cosco"), an interested party in the underlying proceeding and plaintiff in this case, requested that Commerce continue the review as to Feili and New-Tec. (Letter from Collier Shannon Scott to Commerce of 11/3/03.) Commerce declined Cosco's request because Feili and New-Tec's failed to properly file. On November 26, 2003, Commerce announced its decision to rescind review as to Feili and New-Tec by publishing *Partial Rescission of Review*. Cosco filed a separate appeal from Feili and New-Tec. This Court granted a consent motion to consolidate these appeals. It is undisputed that an official request for review by Feili and New-Tec is not part of the administrative record in this case. (*See* Feili/New-Tec Suppl. Mot. at 2; Def.'s Mem. in Opp'n to Mot. for J. upon the Agency R. and Mot. to Supplement the Admin. R. ("Def.'s Opp'n") at 10.)

PARTIES' CONTENTIONS

**A.      Plaintiffs' Contentions**

Plaintiff Cosco states that Feili and New-Tec intended to file a request for an administrative review, although there was apparently some defect with the official filing of that request. (Pl.'s Br. in Supp. of Pl.'s Rule 56.2 Mot. for J. upon the Agency R. ("Cosco 56.2 Br.") at 14.) Plaintiffs emphasize that Commerce had the courtesy copy of [Feili and New-Tec's] June 30, 2003 review request. (Feili/New-Tec Suppl. Mot. at 7; Cosco 56.2 Br. at 9.) Plaintiffs contend that Commerce may continue a review where it is aware of a party's interest, and in this case, Commerce was aware of Feili and New-Tec's interest based on the courtesy copy of their review request. (Feili/New-Tec 56.2 Mem. at 14, 16; Cosco 56.2 Br. at 14, 17-18.) Plaintiffs Feili and New-Tec assert that all information presented to or obtained by Commerce is part of the administrative record and request that this Court grant their Motion to Supplement the

Administrative Record with the courtesy copy of the review request. (Feili/New-Tec Suppl. Mot.

at 13.)

Plaintiff Cosco points out that the statute requires Commerce to conduct a review "if a

request for such a review has been received and after publication of notice of such review in the

Federal Register." (Cosco 56.2 Br. at 15-16 (quoting 19 U.S.C. § 1675(a)(1)).) Plaintiff Cosco

urges that the courtesy copy was "received" by Commerce and therefore the statute's filing

requirement was met. (Cosco Reply Br. at 6.) Plaintiffs contend that Commerce's decision to

rescind the review is without merit because Commerce used information from Feili and New-

Tec's courtesy copy of the review request. (Feili/New-Tec 56.2 Mem. at 9; Cosco 56.2 Br. at

10.) Plaintiffs urge this Court to note that the *Notice of Initiation* "specifically identified the

companies [that were] identified in the request filed by Feili and New-Tec, not the request filed

by Meco." (Cosco 56.2 Br. at 16 (citing *Notice of Initiation*, 68 Fed. Reg. at 44,525)[1]; Feili/New-

Tec 56.2 Mem. at 11-12.)

Plaintiffs contend that Defendant violated Feili and New-Tec's due process rights by

failing to notify the parties of the filing defects. (Feili/New-Tec 56.2 Mem. at 24; Cosco 56.2 Br.

at 39.) Furthermore, Plaintiff Cosco asserts that because Commerce relied on the courtesy copy

and a Commerce analyst failed to notify Feili and New-Tec's counsel of filing defects during a

---

[1] Plaintiffs note that the *Notice of Initiation* contained nine company names: "Feili Furniture Development Ltd.; Feili Furniture Development Co., Ltd.; Feili Group (Fujian) Co., Ltd.; Feili (Fujian) Co., Ltd.; Dongguan Shichang Metals Factory Co., Ltd.; Dongguan Shchang Metals Factory Co.; Maxchief Investments Ltd.; New-Tec Integration Co.,; Ltd.; Wok and Pan Industry, Inc." (Feili/New-Tec 56.2 Mem. at 11-12 (*citing Notice of Initiation*, 68 Fed. Reg. at 44,525).) Plaintiffs claim Defendant-Intervenor's request for review only contained four of the companies listed in Commerce's *Notice of Initiation*: "Feili Furniture Development Co., Ltd and Feili (Fujian) Co., Ltd.; Dongguan Shichang Metals Factory Co., Ltd.; New-Tec Integration Co. Ltd." (Feili/New-Tec 56.2 Mem. at 12.)

telephone conversation, Commerce should be estopped from rescinding review as to Feili and New-Tec. (Cosco 56.2 Br. at 29-31.) Plaintiffs further assert that Commerce broke with its past practice of exercising discretion to continue reviews despite improper filing, citing an apparent defective filing of another respondent, Wok and Pan, in the same review. (Feili/New-Tec 56.2 Mem. at 14-15; Cosco Reply Br. at 7.) In addition, Plaintiffs denote that Commerce continued with the review in *Certain Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review*, 62 Fed. Reg. 53,808 (Oct. 16, 1997) ("*Thai Pipe & Tube*"). (Feili/New-Tec Reply Br. at 10; Cosco 56.2 Br. at 19.) Plaintiffs claim their facts parallel those in *Thai Pipe & Tube* to warrant the same result of review continuance. (Feili/New-Tec 56.2 Mem. at 20; Cosco 56.2 Br. at 19-20.)

Plaintiffs Feili and New-Tec remind this Court that without a review they will be subject to the estimated cash deposit rates and will not have an actual calculated assessment rate for their entries. (Feili/New-Tec 56.2 Mem. at 19.) Plaintiff Cosco further notes that Commerce's decision to rescind the review prevents Feili and New-Tec "from obtaining a refund of any portion of its duty deposit on the antidumping duty order placed on folding metal tables and chairs from the People's Republic of China through the administrative review process." (Cosco 56.2 Br. at 7.)

**B.     Defendant's Contentions**

Defendant contends that Feili and New-Tec never filed a request for review. (Def.'s Opp'n at 14.) Defendant points out that Feili and New-Tec "admitted that there was no evidence that they had ever officially filed a request for review with Commerce." (*Id.* at 15.) Defendant also notes that Feili and New-Tec did not present any evidence to Commerce that they served the

interested parties. (*Id.* at 14-15.) Defendant states that Defendant-Intervenor, the only party that properly filed a request for review of these companies, timely withdrew its request in accordance with Commerce's regulations. (*Id.* at 15.) Defendant explains "in the absence of any review request on the record at the end of the expiration period, Commerce properly rescinded the review as to Feili and New-Tec." (*Id.* at 15-16.)

Defendant asserts that Commerce is not obligated to give unfiled courtesy copies the same legal effect as documents filed in compliance with the regulations. (*Id.* at 16.) Defendant contends that if Commerce were required to act upon unfiled and unserved courtesy copies of documents in its review proceedings then parties would never know when and if a document was properly filed. (*Id.* at 33.) Defendant also states that contrary to Plaintiffs' assertions, "mere expression of 'interest' is insufficient for purposes of requesting review." (*Id.* at 28.)

Defendant rejects Plaintiffs' argument that Commerce was obligated to continue the review because Commerce relied on information in Feili and New-Tec's courtesy copy of the review request. (*Id.* at 22.) Defendant points out that the record demonstrates that Commerce did not rely on the document for purposes of initiating the review. (*Id.*) Defendant refutes Plaintiffs' claim that Commerce's decision to rescind the review violated Feili and New-Tec's due process rights because there is no right to import. (*Id.* at 38 (citing *Arjay Associates, Inc. v. Bush*, 891 F.2d 894, 896 (Fed. Cir. 1989)).)

Defendant argues that Commerce's decision not to continue the review is consistent with its past practice. (Def.'s Opp'n at 29.) Defendant asserts that Plaintiffs' reliance on *Thai Pipe & Tube* is misplaced because that case is clearly distinguishable. (*Id.* at 20.) In *Thai Pipe & Tube*, the petitioner provided substantial evidence that it had, "in fact, officially filed a review request

notwithstanding the absence of a date-stamped copy in the administrative record." (*Id.* at 21.)

Defendant notes that "Feili and New-Tec have offered <u>no</u> such evidence that the review request

was ever filed" (*id.* at 20 (emphasis original)) or "alleged extenuating circumstances to explain

failure to timely file a review request" (*id.* at 34).

In addition, Defendant asserts that Commerce has no fiduciary responsibility to parties

with respect to filings. (*Id.* at 36.) Defendant offers that the responsibility to ensure that official

documents are properly and timely filed rests solely with the interested parties. (*Id.*) Defendant

states that "'no document will be considered as having been received by the Secretary unless it is

submitted to the Import Administration Dockets Center in Room 1870 and is stamped with the

date and time of receipt.'" (*Id.* at 45 (*quoting* 19 C.F.R. § 351.103).) Thus, Defendant contends

that the administrative record properly excludes the courtesy copy and urges this Court to deny

Plaintiffs' Motion to Supplement Administrative Record. (*Id.* at 44.)

## C.    Defendant-Intervenor's Contentions

Defendant-Intervenor was the only official petitioner for the initiation of the review and

for rescission of the review regarding Feili and New-Tec. Defendant-Intervenor's contentions

are essentially the same as Defendant's, have been duly considered, and, thus, will not be

reiterated in their entirety. Defendant-Intervenor does, however, provide information about Wok

and Pan's involvement in the review.

Defendant-Intervenor distinguishes Wok and Pan's filing irregularity from Feili and New-

Tec's non-filing. (Br. of Meco Corp. in Opp'n to Pls.' Mot. for J. upon the Agency R. at 22)

Defendant-Intervenor notes that a key factual distinction between Plaintiffs' record and Wok and

Pan's record is that "Commerce officially received Wok & Pan's review request on June 16,

2003, which was well within the June 30, 2003, deadline." (*Id.*) Defendant-Intervenor explains

that Wok and Pan nevertheless failed to serve its subsequent questionnaire responses on the

interested parties. (*Id.*) Defendant-Intervenor states that although Feili and New-Tec also failed

to observe the service requirement, this was not the basis for Commerce's decision to rescind the

review. (*Id.* at 22-23.) Defendant-Intervenor concludes that "[a]ccordingly, Commerce's initial

acceptance of Wok & Pan's review request, despite the lack of service, is irrelevant." (*Id.* at 23.)

ANALYSIS

The issue before this Court is whether Plaintiffs Feili and New-Tec properly

commenced an administrative review request in compliance with Commerce regulations. It is

undisputed that the record reflects no official request for review was filed by Feili and New-Tec.

This Court holds that Commerce's decision to rescind the review as to Feili and New-Tec is

supported by substantial evidence on the record or otherwise in accordance with law. The Court

has jurisdiction over this case pursuant to 28 U.S.C. § 1581(c) (2000).

**A.     Commerce Regulations**

**1.      Commerce regulations are reasonable and clear**

Congress amended the statutory provisions regarding administrative requests for review

by eliminating mandatory annual review and implementing review request requirement. *See* 19

U.S.C. § 1675(a)(1) (2000)[2]; *cf.*, 19 U.S.C. § 1675(a)(1) (1982) (prior statute requiring annual

reviews without request provision). Plaintiffs note that "the statute is otherwise silent with

---

[2] The amended statute states: "At least once during each 12-month period beginning on the anniversary date of publication of... an antidumping order under this subtitle..., the administering authority, if a request for such a review has been received and after publication of notice of such review in the Federal Register, shall– (A) review...." 19 U.S.C. § 1675(a)(1) (2000).

respect to precisely where or when a request must be filed." (Cosco 56.2 Br. at 16.) Commerce filled this statutory gap by promulgating regulations to govern official procedures regarding administrative reviews. *See* 19 C.F.R. §§ 351.103, 351.213, 351.303 (2003). Commerce explains that the rationale underlying these procedures is to create certainty and predictability for the parties as to when the document is actually filed. (Def.'s Opp'n at 9 (*quoting Decision Memorandum, A-570-868* (Nov. 20, 2003).) This Court acknowledges that filing requirements are important to the efficient administration of agencies; otherwise, the "cumulative burden on the agencies would be enormous." *Antidumping Duties: Final Rule*, 54 Fed. Reg. 12,742 (cmt. on § 353.31(e) (March 28, 1989) (to be codified at 19 C.F.R. at pt. 363)). This Court holds that Commerce's rationale and interpretation of its regulations is reasonable within the *Chevron* framework and is supported by substantial evidence on the record and otherwise in accordance with law. *Chevron,* 467 U.S. at 837.

Reading the plain language of the regulations, this Court finds that Commerce provided sufficient notice of the filing requirements for review requests when it published the notice of opportunity to request a review of the antidumping duty order on folding metal tables and chairs from the People's Republic of China on June 2, 2003. *Notice of Opportunity,* 68 Fed. Reg. at 32,728[3]; *see also* 19 C.F.R. § 351.303(b)-(c).

---

[3] The notice reiterated the regulatory filing procedures to request a review:

> Six copies of the request should be submitted to the
> Assistant Secretary for Import Administration, International
> Trade Administration, Room 1870, U.S. Department of
> Commerce, 14th Street & Constitution Avenue, NW.,
> Washington, DC 20230. The Department also asks parties
> to serve a copy of the requests to the Office of
> Antidumping/Countervailing Enforcement, Attention:

### 2.     Commerce properly applied its regulations

Upon learning that Feili and New-Tec's review request was not a part of the public record, Defendant-Intervenor subsequently requested that Commerce rescind its review as to Feili and New-Tec pursuant to 19 C.F.R. § 351.213(d).[4]  Commerce then provided opportunity for Feili and New-Tec to provide proof of a proper filing.  (Letter from Commerce to White & Case of 10/30/03.)  However, Feili and New-Tec admitted there was no evidence that they had officially filed a review request with Commerce.  (Letter from White & Case to Commerce of 10/31/03, at 2.)  Moreover, Plaintiffs concede that the record reflects that "there is no copy of [Feili and New-Tec's request for] review in the official files of [Commerce]."[5]  (Cosco Reply Br. at 3.)  With Defendant-Intervenor's timely request for review rescission, there was no longer any review request on the record for Feili and New-Tec.  Accordingly, Commerce decided to rescind the review as to Feili and New-Tec pursuant to 19 C.F.R. § 351.213(d)(1).  This Court holds that Commerce's decision to rescind the review as to Feili and New-Tec is supported by substantial evidence on the record or otherwise in accordance with law.

---

Sheila Forbes, in room 3065 of the main Commerce Building.  Further, in accordance with § 351.303(f)(l)(I) of the regulations, a copy of each request must be served on every party on the Department's service list.

*Notice of Opportunity*, 68 Fed. Reg. at 32,728; *see also* 19 C.F.R. § 351.303(b)-(c).

[4] "The Secretary will rescind an administrative review under this section, in whole or in part, if a party that requested a review withdraws the request within 90 days of the date of publication of notice of initiation of the requested review."  19 C.F.R. § 351.213(d)(1).

[5] Plaintiffs Feili and New-Tec admit their mistake of not officially filing.  (*See* Feili/New-Tec Reply Br. at 14 ("Feili and New-Tec fully recognize that rules for filing format, procedures, and deadlines must be respected.  However, mistakes happen.").)

Due process is not applicable to the case at bar because there is no right to import in trade cases. *See, e.g., Maine v. Taylor*, 477 U.S. 131, 149 n.19 (*quoting Robertson v. California*, 328 U.S. 440, 458 (1946) (holding that the commerce clause is not a guaranty of the right to import)). Nevertheless, it would seem that if due process were applicable, Commerce provided ample notice to all interested parties by publishing the *Notice of Opportunity* as well as the later occasion for Feili and New-Tec to demonstrate that they properly requested review.

### 3. Commerce did not break with past practice

Plaintiffs contend that Commerce has a past practice of continuing reviews despite improper filings. Although Plaintiffs point to petitioner Wok and Pan, its situation is distinguishable from Feili and New-Tec because Wok and Pan filed a review request with Commerce but failed to serve parties with their questionnaire responses in accordance with 19 C.F.R. § 351.303(f). (Letter from Commerce to Wok & Pan of 11/5/04.) In contrast, Feili and New-Tec failed to properly file <u>and</u> serve in accordance with 19 C.F.R. § 351.103 and § 351.303.

This Court finds Plaintiffs' citation of authority to *Thai Pipe & Tube,* 62 Fed. Reg. at 53,808, inapposite. The *Thai Pipe & Tube* facts are easily distinguishable. In that matter, although the record was unclear as to whether there was an official filing, the *Thai Pipe & Tube* petitioners were able to reconstruct and prove proper filing through affidavits and extrinsic evidence.[6] *Thai Pipe & Tube*, 62 Fed. Reg. at 53,809. Given the same opportunity to produce proof of official filing and proper service, Feili and New-Tec admitted they had no such extrinsic

---

[6] For example, the petitioners produced: an affidavit from the Commerce Dockets Center employee, attesting to the fact that the document had in fact been date-stamped; proof of service upon all the parties of the review request; and an affidavit from the courier service that filed the document with Commerce on a timely date. *See Ferro Union v. United States*, 23 CIT 178, 179, 44 F. Supp. 2d 1310, 1313-14 n.5 (1999).

evidence.  (Letter from White & Case to Commerce of 10/31/03, at 2.)  This Court holds Plaintiffs' contention that their situation is similar to the *Thai Pipe & Tube* petitioners is unsupported by substantial evidence on the record or otherwise not in accordance with law.

**B.      Equity Argument**s

Plaintiffs' estoppel claims against the government fail.  This Court finds that Commerce's reliance on the courtesy copy for the ministerial purpose of correctly identifying or confirming names is irrelevant to compliance with filing procedures.  This Court finds that estoppel based on Feili and New-Tec's counsel's telephone conversation with a Commerce analyst fails since it is well-established that a party cannot claim estoppel against the government based upon the actions of an employee.  *See Princess Cruise Lines, Inc. v. United States*, 201 F.3d 1352, 1360 (Fed. Cir. 2000).  This Court holds that Plaintiffs' estoppel claims are unsupported by substantial evidence on the record or otherwise not in accordance with law.

This Court also rejects Plaintiffs' invitation to make an exception to Commerce's technical requirements and continue the review where Plaintiffs maintain no substantive harm or prejudice occurs.  (Feili/New-Tec Reply Br. at 14 n1.)  The record shows that Defendant-Intervenor complied with all regulatory requirements for initially requesting review and subsequently withdrawing its review request.  This Court finds that granting Plaintiffs' request to continue review would prejudice Defendant-Intervenor and Defendant, and therefore, Commerce was justified in rescinding review as to Feili and New-Tec.  This Court holds that if interested parties were free to depart from the filing requirements, the cumulative administrative burden on Commerce would be enormous.  Furthermore, filing procedures create certainty and predictability for all parties as to when a document has been properly and timely filed.

CONCLUSION

Based on the foregoing analysis, this Court denies Plaintiffs' Motions for Judgment upon the Agency Record, Plaintiffs' Motion to Supplement the Administrative Record, and Plaintiffs' Amended Consent Motion for Oral Argument. This Court holds Commerce's determination to rescind the administrative review as to Feili and New-Tec is supported by substantial evidence on the record or otherwise in accordance with law. This case is dismissed, and judgment shall be entered accordingly.

/s/ Gregory W. Carman
Gregory W. Carman,
Judge

Dated: December 7, 2004
        New York, New York